# Farrell Fritz, P.C.

EAB Plaza
Uniondale, New York 11556-1320
Telephone 516.227.0700
Fax 516.227.0777
www.farrellfritz.com

**John P. McEntee**
Partner

Direct Dial 516.227.0608
Direct Fax 516.336.2219
jmcentee@farrellfritz.com

Our File No.
18789-100

**BY ECF**

January 19, 2006

Hon. Michael L. Orenstein
Chief United States Magistrate Judge
United States District Court
100 Federal Plaza
Central Islip, New York 11722

*[Handwritten: 1/23/06 Order and counterorder are unsigned. Rulings set forth in proceeding were taped. Transcript and tape constitute order of the court. So Ordered USMJ]*

Re: **Lara Curto v. Medical World Communications, et al.**
    **CV-03-6327 (DRH)(MLO)**

Dear Chief Magistrate Judge Orenstein:

This firm, together with the firm of St. John & Wayne, L.L.C., represents defendants Medical World Communications, Inc., Romaine Pierson, Inc., John J. Hennessy, and Robert Issler in the above action.

I am filing herewith a proposed order in connection with Defendants' application for an order determining whether certain documents identified in Plaintiff's Privilege Log are entitled to protection under the attorney-client privilege or the attorney work production doctrine.

Respectfully submitted,

*s/John P. McEntee*

John P. McEntee

JPM:
cc: All Counsel of Record (By ECF)

FFDOCS1\670048.01

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LARA CURTO,

               Plaintiff,

v.

MEDICAL WORLD COMMUNICATIONS, INC., and ROMAINE PIERSON PUBLISHERS, INC. f/k/a ROMAINE PIERSON ACQUISITION CO., JOHN J. HENNESSY, JAMES GRANATO, JAMES KING, DANIEL PERKINS, ROBERT ISSLER AND EUGENE CONSELYEA,

               Defendants.

CV-03-6327 (DRH) (MLO)

ORDER

     Defendants have applied (the "Application") for an Order determining whether computer files that Plaintiff deleted from laptop computers owned by her former employer, defendant Medical World Communications, Inc. (the "Company") and assigned to Plaintiff, which files were thereafter forensically recovered by a consultant retained by the Company, are protected from disclosure by either the attorney-client privilege or the attorney-work product protection.

     On September 21, 2005 the Court heard oral argument on the application and directed Plaintiff to submit a privilege log for any documents she claimed were exempt from disclosure due to attorney-client privilege or the attorney-work product doctrine.

     On October 7, 2005, Plaintiff produced a privilege log and further produced to the Court for an *in camera* inspection paper (non-electronic) copies of the documents for which she claimed attorney-client privilege or the attorney-work product protection (the "Subject Documents").

     On January 18, 2006, the Court heard further oral argument on the Application. At the conclusion of the oral argument, the Court determined, for the reasons stated on the record, that Plaintiff had not waived her right to assert attorney-client privilege or the attorney-work product protection for the Subject Documents. The Court ordered Plaintiff to produce to Defendants all metadata for and associated with the Subject Documents. The Court further ordered Defendants to return to Plaintiff all copies of the Subject Documents, including the metadata, if any, for these documents.

Because the issue of whether the Subject Documents are entitled to protection under the attorney-client privilege or the attorney work product doctrine has not yet been determined, the deadline, pursuant to Fed. R. Civ. P. 72, for any party to file objections to any interim order or ruling in connection with the Application, including any rulings on January 18, 2006, shall be ten days from the date of the Court's order determining the applicability of the attorney-client privilege and the attorney work product doctrine to the Subject Documents.

Dated: Central Islip, New York
January __, 2006

 
_____
Hon. Michael L. Orenstein
Chief United States Magistrate Judge

FFDOCS1\670016.01