UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LARA CURTO,

                      Plaintiff,

        -against-

MEDICAL WORLD COMMUNICATIONS, INC.,
ROMAINE PIERSON PUBLISHERS, INC. f/k/a
ROMAINE PIERSON ACQUISITION CO., JOHN
J. HENNESSY, JAMES GRANATO,[1] DANIEL
PERKINS, JAMES KING, ROBERT ISSLER, and
EUGENE CONSELYEA,

                    Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
**03CV6327 (DRH) (MLO)**

**A P P E A R A N C E S :**

**For the Plaintiff:**
**LIDDLE & ROBINSON, L.L.P.**
800 Third Avenue
New York, New York 10022
By: James R. Hubbard, Esq.
     James A. Batson, Esq.

**FORCHELLI, CURTO, SCHWARTZ, MINEO, CARLINO & COHN, LLP**
330 Old Country Road
Suite 301
Mineola, New York 11501
By: Andrew E. Curto, Esq.

**MEYER SUOZZI ENGLISH & KLEIN, P.C.**
990 Stewart Avenue, Suite 300
Mineola, New York 11530
By: Lois Carter Schlissel, Esq.

**For the Defendants Medical World Communications, Inc., Romaine Pierson Publishers, Inc., John J. Hennessy, and Robert Issler:**

---

[1] James Granato is no longer a defendant in this action as all claims against him have been dismissed pursuant to stipulation.

**ST. JOHN & WAYNE, LLC**
Two Penn Plaza East
Newark, New Jersey 07105
By: James P. Anelli, Esq.

**FARRELL FRITZ, P.C.**
1320 RexCorp Plaza
Uniondale, New York 11556
By: John P. McENTEE, Esq.

**For the Defendants James King and Daniel Perkins:**
**Greenbaum, Rowe, Smith & Davis LLP**
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095-9888
By: Michelle M. Sekowski, Esq.

**HURLEY, Senior District Judge:**

### *INTRODUCTION*

Defendants Medical World Communications, Inc. ("MWC" or the "Company"), Romaine Pierson Publishers, Inc., John J. Hennessy, and Robert Issler (collectively, the "Company Defendants"), joined by defendants James King ("King") and Daniel Perkins ("Perkins") (together with the Company Defendants referred to as "Defendants"),[2] object to the June 14, 2007 Order of Chief Magistrate Judge Michael L. Orenstein which directed the parties to brief whether two April 2003 draft memoranda (the "April 2003 Memos") authored by Plaintiff Lara Curto ("Plaintiff") are protected by the attorney-client privilege. For the reasons that follow, Defendants' objections are denied and the June 14, 2007 Order is affirmed in its entirety.

---

[2] Defendants King and Perkins join in the Company Defendants' Objections and rely on their arguments as set forth in their briefs.

2

## BACKGROUND

This is the third time Defendants have appealed one of the Magistrate Judge's discovery rulings in this case. Defendants previously objected to the Magistrate Judge's January 18, 2006 Order in which he held that Plaintiff "had not waived her right to assert the attorney-client privilege and work product immunity concerning documents allegedly retrieved from MWC-owned laptop computers used by Plaintiff during her employment with MWC." *Curto v. Medical World Comm'ns, Inc.*, No. 03-cv-6327, 2006 WL 1318387, at *1 (E.D.N.Y. May 15, 2006). In a May 15, 2006 Memorandum & Order, this Court affirmed the Magistrate Judge's Order in its entirety. *See id.* Within that Memorandum & Order, the Court provided a factual background of this case, familiarity with which is assumed. *See id.* at *1-2. Thus, the Court will provide only that background which is relevant to the current appeal.

Defendants thereafter objected to Magistrate Judge Orenstein's September 21, 2006 Order, in which he held that the April 2003 Memos "are protected from discovery by virtue of the work-product privilege . . . ." *Curto v. Medical World Comm'ns, Inc.*, No. 03-cv-6327, 2007 WL 1452106, at *1 (E.D.N.Y. May 15, 2007) (citing the Sept. 21, 2006 Tr. at 51:14-15, attached as Ex. L to the June 28, 2007 Decl. of John P. McEntee ("McEntee Decl.").) By Memorandum & Order dated May 15, 2007, this Court affirmed Magistrate Judge Orenstein's finding that the April 2003 Memos were protected under the work-product doctrine but remanded the matter for a determination as to whether Defendants had demonstrated a substantial need for the Memos and undue hardship. *Id.* at *9. The Court also directed Judge Orenstein to determine whether Plaintiff had waived any work-product protection by putting at issue her retaliation claim. *Id.*

On June 14, 2007, Judge Orenstein held a conference to set a briefing schedule on the remand issues. At this conference, he sua sponte raised the issue of the applicability of the attorney-client privilege to the April 2003 Memos:

> THE COURT: I want briefing with regard to the attorney/client privilege of those communications which was claimed, I believe, on the privilege log and which this Court did not rule on because it felt that it was a work product and there were no issues and that therefore, since work product, this Court upheld work product, this Court felt there was no need for me to deal with the attorney/client privilege. And also as a result, therefore, that you would need to deal with the question of, if there is attorney/client privilege, whether there is a waiver because of at issue . . . .
>
> MR. McENTEE: Yes, Judge, this is John McENTEE. I guess, pretty much, my recollection is when, at the end of, when the Court made a decision about this issue I think I had asked the Court whether it was based upon attorney/client or work product. I think the Court indicated, no, it was simply work product.
>
> THE COURT: That's why I'm saying now, in view of the ruling of Judge Hurley, I now wish to have briefing on the issue of attorney/client privilege and whether or not, if there is attorney/client privilege to be upheld, than as to whether or not the at issue line of cases might waive the attorney/client privilege.
>
> . . . .
>
> THE COURT: My recollection is I specifically said I was not going to rule on the attorney/client privilege in view of my finding that a work product privilege protected the documents.
>
> MR. SCHWARTZ: I had, I thought at one point you had indicated during the colloquy that Andrew[3] was - -
>
> THE COURT: I said because I did not want to go into the issue as to whether Andrew was an attorney or a husband at that point.
>
> MR. SCHWARTZ: Okay.

---

[3] "Andrew" refers to Andrew Curto, Plaintiff's husband, who is also her attorney.

4

> THE COURT: And I believe that's what you will find in the transcript as to what I said. Therefore I deferred making a ruling on attorney/client privilege because I thought it was unnecessary because I have upheld the protection of the work product doctrine and indicated to you folks that if the work product doctrine did not apply, then obviously I would have to deal with that if necessary. But I was not taking that out of the picture for the plaintiffs to claim.

(June 14, 2007 Tr. at 4-5, 7-8, attached as Ex. O to the McEntee Decl.)

After the conference, Judge Orenstein issued an Order directing the

> parties [to] include in their memos of law discussion of the attorney-client privilege's applicability to the documents at issue and the "at issue" waiver doctrine's applicability to the attorney-client privilege together with the issues set forth by Judge Hurley.

(June 14, 2007 Order, attached as Ex N to the McEntee Decl.)

Defendants now object to the June 14, 2007 Order, arguing that it violates the "mandate rule." For the reasons stated below, Defendants' objections are denied.

## *DISCUSSION*

### *I.  Standard of Review*

This court reviews a magistrate judge's decision regarding non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Discovery matters are generally considered non-dispositive of litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, "'is left with the definite and firm conviction that a mistake has been committed'"; an order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405

5

(E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)). This standard is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

Because it is clear that a magistrate judge is best qualified to "judge the entire atmosphere of the discovery process," *Bogan v. Northwestern Mut. Life Ins. Co.*, 144 F.R.D. 51, 53 (S.D.N.Y. 1992), his discovery-related rulings are entitled to a particular deference. *See Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) ("Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion.").

## II.   *Judge Orenstein's Order Was Neither Clearly Erroneous Nor Contrary to Law*

In objecting to the June 14, 2007 Order, Defendants make two separate but related arguments. First, they contend that Judge Orenstein already determined on September 21, 2006 that the April 2003 Memos were not protected by attorney-client privilege and that Judge Orenstein's decision constitutes law of the case under the "mandate rule." Second, they assert that Judge Orenstein's June 14, 2007 Order impermissibly exceeds the scope of this Court's May 15, 2007 remand Order. For the reasons that follow, the Court finds these arguments to be without merit.

The mandate rule is a subsidiary rule of the law of the case doctrine. *See United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). The mandate rule "'compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or *impliedly* decided by the appellate court.'" *Id.* (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th

Cir. 1993) (emphasis added by Second Circuit).  "Likewise, where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so." *Id.*

Here, in the May 15, 2007 remand Order, this Court, acting as the appellate court, did not "expressly or impliedly" decide the issue of attorney-client privilege.  Instead, its holding was expressly limited to the applicability of the work product privilege.  Indeed, the first paragraph of the May 15, 2007 decision frames the issue that was before the Court, as well as the Court's ultimate finding:

> [Defendants] object to the September 21, 2006 Order of Chief Magistrate Judge Michael L. Orenstein in which he held that [the April 2003 Memos] "are protected from discovery by virtue of the work-product privilege".  (Sept. 21, 2006 Tr. at 51:14-15.)  For the reasons that follow, (1) the Defendants' objection as to the Magistrate Judge's determination that the April 2003 Memos are work-product is OVERRULED, but (2) the Defendants' objection is SUSTAINED as to their argument of substantial need for the April 2003 Memos.  Therefore, this matter is REMANDED to the Magistrate Judge for a Rule 26(b)(3) "substantial need" determination.  Upon remand, the Magistrate Judge is also to determine whether Plaintiff has waived her work-product protection of the April 2003 Memos by putting at issue her retaliation claim.

*Curto*, 2007 WL 1452106, at *1.  Even in the text of this Court's decision, no reference is made to the attorney-client privilege in relation to the April 2003 Memos.

Defendants argue that because the parties' briefs in support of their appeal of Judge Orenstein's September 21, 2006 Order specifically addressed whether Judge Orenstein also reached the applicability of the attorney-client privilege, "the fact that the District Court did not address this point in the context of the parties' submissions strongly suggests that it at least

7

impliedly eliminated its basis for review in its Remand Order."[4]  (Defs.' Reply Br. at 4-5.)

Defendants are mistaken.  The *only* issue on appeal before this Court at the time, as stated in Defendants' objection, related to the applicability of the work product doctrine: "[Defendants] object to the September 21, 2006 Order of the Hon. Michael L. Orenstein, U.S.M.J., determining that certain documents are protected by the attorney work product immunity and need not be produced to the Defendants in this action."  (Defs.' Objection, docket no. 186-1.)  Thus, work product was the only issue decided by the Court.

Similarly, Judge Orenstein's June 14, 2007 Order directing briefing on the applicability of the attorney-client privilege was not beyond the scope of this Court's remand Order for the simple reason that this Court's Order did not address same.  The cases cited by Defendants are distinguishable because they involve a trial court entering an order that contradicts the clear direction of the remand order.  (*See* Defs.' Objections at 7-8.)  Here, this Court's remand Order did not purport to foreclose Magistrate Judge Orenstein's consideration of the attorney-client privilege in any way.  Thus, while this Court's remand Order was clearly binding on Judge Orenstein, it was only binding as to "issues expressly or impliedly decided" by this Court.  *Ben Zvi*, 242 F.3d at 95; *see also United States v. Lasaga*, No. 03-1592, 136 Fed. Appx. 428, 431 (2d Cir. June 27, 2005) ("[T]he mandate rule affords the district court discretion to reconsider, on remand, issues that were not 'expressly or implicitly' decided by this court.") (unpublished decision).

Finally, to the extent Defendants argue that "the only plausible interpretation" of

---

[4] Predictably, Defendants argued that Judge Orenstein held that the attorney-client privilege did not apply to the April 2003 Memos.  Plaintiff argued that Judge Orenstein never reached the issue.

8

Judge Orenstein's September 21, 2006 decision was that he found that the April 2003 Memos were not protected by the attorney-client privilege, the Court again disagrees. In his September 21, 2006 decision, Judge Orenstein stated as follows:

> THE COURT: This Court finds that those memos and with regard to what I call the Hennessey memos, they are protected from discovery by virtue of the work-product privilege and later on as the attorney-client privilege material. I need not distinguish at this particular point.
>
> MR. McENTEE: Judge, I think it might be helpful for purposes of the record to be able to distinguish between the two.
>
> THE COURT: Well, the two documents that I have in the August 30 letter, which are dated April of 2003, I find the work product. Later dated documents which may or may not involve more revisions, this Court finds to be protect[ed] by both attorney-client and work product privilege.

(Sept. 21, 2006 Tr. at 51, attached as Ex. L to the McEntee Decl.)

At best, Judge Orenstein's findings are ambiguous to the extent it is unclear whether he ruled on the applicability of the attorney-client privilege to the April 2003 Memos. However, "[i]t is peculiarly within the province of the district court to determine the meaning of its own order." *Manning v. New York Univ.*, 299 F.3d 156, 164 (2d Cir. 2002) (citations and internal quotation marks omitted). Here, in his subsequently filed June 14, 2007 Order, Judge Orenstein clarified any ambiguity by stating: "I specifically said I was not going to rule on the attorney/client privilege in view of my finding that a work product privilege protected the documents," and "I deferred making a ruling on attorney/client privilege because I thought it was unnecessary because I have upheld the protection of the work product doctrine." (June 14, 2007 Tr. at 7-8, attached as Ex. O to the McEntee Decl.) Judge Orenstein's finding that he had not previously ruled on the applicability of the attorney-client privilege is not clearly erroneous or

9

contrary to law.

## *CONCLUSION*

For the foregoing reasons, the Court finds that Judge Orenstein's June 14, 2007 Order directing the parties to brief the applicability of the attorney-client issue to the April 2003 Memos was not clearly erroneous or contrary to law. Accordingly, Defendants' objections are denied and the June 14, 2007 Order is affirmed in its entirety. The parties shall advise the Court, via letter to be filed on or before June 20, 2008, whether this Order has any effect on the pending motions for summary judgment.

**SO ORDERED.**

Dated: Central Islip, New York
       June 9, 2008                           /s_____
                                                       Denis R. Hurley
                                                       United States District Judge